**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4715**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM A. MERRITT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, District Judge. (4:18-cr-00016-AWA-LRL-1)

Submitted: March 21, 2019                    Decided: April 30, 2019

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Bryan L. Saunders, Newport News, Virginia, for Appellant. Robert Edward Bradenham, II, Assistant United States Attorney, Megan Marina Cowles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William A. Merritt pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Merritt to 78 months of imprisonment and he now appeals. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is reasonable. The Government, however, has moved to dismiss the appeal based on the waiver of appellate rights contained in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. *Id.* Whether a defendant validly waived his right to appeal is a question of law that we review de novo. *Id.* at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this Court examines "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 494 (2018) (internal quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. *Id.*

2

Moreover, the purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). Accordingly, prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. *Id.*; *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the magistrate judge fully complied with the requirements of Rule 11. We further conclude that Merritt voluntarily pleaded guilty and that his waiver of his appellate rights was knowing and intelligent. The appellate waiver included Merritt's right to appeal his conviction and any sentence within the statutory maximum on any ground whatsoever. Here, we have concluded that Merritt's guilty plea was knowing and voluntary, and the district court sentenced Merritt within the statutory range. The challenge to his sentence that Merritt seeks to raise on appeal is, therefore, waived.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm in part and grant the Government's motion to dismiss in part. This court requires that counsel inform Merritt, in writing, of the right to petition the Supreme Court of the United States for further review. If Merritt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

3

withdraw from representation. Counsel's motion must state that a copy thereof was served on Merritt. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*